# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN J. BROWN-TROOP,

    Petitioner,

v.                                       Case No. 19-C-1144

JENNIFER MCDERMOTT,

    Respondent.

## ORDER DENYING MOTION FOR STAY AND DISMISSING PETITION

On August 7, 2019, Petitioner Shawn Joseph Brown-Troop filed a petition for a writ of habeas corpus seeking federal relief from his state criminal convictions pursuant to 28 U.S.C. § 2254. Dkt. No. 1. In June of 2016, Brown-Troop was convicted of two counts of Armed Robbery While Masked in violation of Section 943.32 of the Wisconsin Statutes, and sentenced to concurrent terms of 23 years, consisting of thirteen years of confinement followed by ten years of extended supervision. His motion for postconviction relief was denied without a hearing, and both the order denying his motion and his conviction were affirmed by the Wisconsin Court of Appeals in an unpublished decision with a public domain cite of 2018 WI App 62. The Wisconsin Supreme Court denied Brown-Troop's petition for review on December 11, 2018, and his petition for certiorari review by the United States Supreme Court was denied on March 11, 2019.

In his petition filed in this court, Brown-Troop asserted four separate grounds for relief, all arising under the Sixth Amendment right to counsel. Brown-Troop claims that his trial counsel provided ineffective assistance in (1) failing to move for suppression of his statement to the arresting officer; (2) failing to object to the testimony of a police officer explaining how his trained

police dog was used to track evidence that linked Brown-Troop to the robbery; and (3) failing to effectively cross-examine the same officer concerning that evidence. Fourthly, Brown-Troop claims that the trial court abused its discretion in denying his request for a new attorney on the morning of trial.

Federal courts are required to give the cases seeking relief under § 2254 prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. This case was originally screened by Magistrate Judge Duffin, who summarily concluded that he was unable to say from his review of the petition that Brown-Troop was not entitled to federal relief and therefore directed the Respondent to answer the petition. On September 8, 2019, Brown-Troop filed a motion to stay further proceedings so that he could file another motion for postconviction relief in the trial court and exhaust his state court remedies as to additional claims. In his motion, Brown-Troop failed to say what those additional unexhausted claims might be. In response to Brown-Troop's motion to stay the proceeding, Magistrate Judge Duffin vacated his screening order directing the Respondent to file an answer.

On September 12, 2019, the case was reassigned to me. Since then, the Respondent has filed an opposition to Brown-Troop's motion for a stay. Respondent points out that in *Rhines v. Weber*, the Supreme Court cautioned that because a stay of proceedings under § 2254 may undermine the twin goals of encouraging finality of state court convictions and streamlining federal habeas proceedings by decreasing the petitioner's incentive to exhaust all of his state court remedies before

filing his federal petition, stays should be granted in only limited situations. Dkt. No. 12 at 2 (citing *Rhines*, 544 U.S. 269, 276–77 (2005)). Thus, in order to obtain a stay and abeyance of a previously filed petition for relief under § 2254, the petitioner must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and [that] there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Because Brown-Troop failed to make such a showing, Respondent argued his motion for a stay should be denied.

On October 9, 2019, Brown-Troop filed a reply in which he identified the potential claims on which he wanted to exhaust his state court remedies. They include: ineffective assistance of counsel, prosecutorial misconduct, improper jury instruction, jury selection, and sentencing. Other than naming his potential claims, however, Brown-Troop offered no factual allegations suggesting they may have merit or any explanation as to why they were not raised earlier. He has thus failed to make the kind of showing *Rhines* requires in order to merit an indefinite stay of his federal proceedings so he can return to state court. The motion for a stay will therefore be denied.

Having concluded that Brown-Troop's motion to stay proceedings should be denied, I now turn to his original petition. Although Magistrate Judge Duffin entered a screening order and directed the Respondent to file an answer, he vacated that order when Brown-Troop filed his motion for a stay. I will therefore proceed to screen the petition to determine whether it merits a response. In doing so, I note at the outset that Brown-Troop has failed to comply with the instructions on the form the district provides for § 2254 petitions. Part II of the form asks the petitioner whether he appealed from the judgment of conviction. Dkt. No. 1 at 3. If the answer is "yes," the petitioner is instructed to "attach the decision(s) that resolved your appeal and answer the following

questions." Brown-Troop failed to attach a copy of the decision by the Wisconsin Court of Appeals denying his motion for postconviction relief and affirming his conviction. Because Rule 4 requires the court to dismiss the petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," his failure to provide a copy of the state court decision renders it defective. This defect can be cured, however, since the state court decision, as noted above, can be found at the public domain cite and I am able to consider it in making the determination required by Rule 4.

It should also be noted that federal relief under § 2254 is not simply another appeal as of right. The authority of federal courts to review state court convictions is limited to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, federal review under § 2254 is available only on claims for which the petitioner has already exhausted his state court remedies and, as to such claims, is extremely narrow. A federal court may not grant relief to a state prisoner under § 2254 on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Thus, in order to state a claim for relief under § 2254, a petitioner must allege facts that would support a finding that the state court decision adjudicating his claims meets one of these two requirements.

Finally, I note that federal "[h]abeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule

2(c)). The petition must "specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." 28 U.S.C. § 2254, Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into an appeal as of right and "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Given the fact that a person seeking relief under § 2254 has already raised in state court the same claim or claims for which he now seeks federal review and exhausted each level of review available in the state system, it should not be overly burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening his petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the State is ordered to undertake the task of filing an answer to the petition, including copies of all or almost all of the pleadings, hearing transcripts, and briefs

filed in what is often a lengthy state court proceeding. Generally, the petitioner's task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires.

Applying these standards here, I find from my review of Brown-Troop's petition and the decision of the Wisconsin Court of Appeals affirming the trial court's denial of his motion for postconviction relief and his conviction that Brown-Troop is not entitled to federal relief on the claims asserted. Brown-Troop's first claim is that his trial counsel was ineffective in failing to move to suppress his statement to the arresting officer when he was apprehended behind a dumpster near the scene of the robbery. Brown-Troop claimed that he was behind the dumpster because he was urinating, as opposed to hiding from police. He alleges in his petition that trial counsel should have sought suppression of the statement because he was not given his *Miranda* rights before answering the arresting officer's question about what he was doing there. The court of appeals concluded that even if a *Miranda* violation occurred, the claim failed because Brown-Troop was unable to show prejudice. His claim that he was urinating was the same innocent explanation he offered to the jury for being behind the dumpster in a tee shirt when police found him. The fact that it was what he also told police at the scene was obviously not prejudicial. 2018 WI App. 62 at ¶¶ 31, 32. Brown-Troop alleges no facts in his petition that suggest that the court's decision denying his claim for this reason was contrary to or an unreasonable application of clearly established federal law. He also fails to allege any facts suggesting that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

I reach the same conclusion as to Brown-Troop's other two claims of ineffective assistance of his trial counsel. He claims his attorney was ineffective in failing to challenge the dog tracking testimony of Officer Fitzgerald, who with the assistance of his trained police dog Nova, found in the area in which he was apprehended crumpled cash similar to the crumpled cash found in Brown-Troop's pockets, a black hooded sweatshirt matching a sweatshirt worn by one of the robbers in a store video and on which Brown-Troop's DNA was later found, and a revolver fifteen to twenty feet from the sweatshirt. Brown-Troop claims that his attorney should have challenged the admissibility of Officer Fitzgerald's testimony on the ground that dog-tracking evidence was quasi-scientific, fallible and unreliable. *Id.* at ¶ 34. The Court of Appeals found it unnecessary to determine whether the dog tracking evidence was admissible since it was superfluous. The court concluded that the evidentiary foundation for the admission of the crumpled money, sweatshirt, and gun was not dependent on the dog tracking evidence but was based upon the nature of the items, the locations in which they were found, and the overall circumstances of the case. The court explained:

> Moreover, testimony about the mechanics of Nova's tracking is not necessary to lay a proper foundation in this case, so the evidence in question could have been admitted without such testimony. Officers had set up a perimeter. They began searching along the flight path of the three men who had been observed by the bus driver. While searching along that path, police found cash, a hooded sweatshirt, and a gun. These items are linked to the crime because the victims reported this was an armed robbery with a gun, the video showed at least one of the robbers in a black hoodie, and cash was taken in the robbery; the bus driver also reported that at least one of the men he saw was wearing something with a hood. The hooded sweatshirt is directly linked to Brown-Troop by DNA. The gun and cash are circumstantially linked to Brown-Troop—the gun because it was found in the same bushes as the sweatshirt, and the cash because it was crumpled similarly to the crumpled cash in Brown-Troop's pocket. The strength of these connections might impact the weight a jury would give to the evidence, but it does not adversely affect foundation or admissibility in this case.

*Id.* at ¶ 38. Again Brown-Troop alleges no facts in his petition suggesting how the state court's decision is contrary to or an unreasonable application of federal law. Nor does he allege facts

suggesting that the decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As to the claim that his attorney failed to effectively cross-examine Officer Fitzgerald about the weaknesses of dog-tracking evidence, the state court found the allegations "conclusory and any claim of prejudice speculative." *Id.* at ¶ 44. Given the immateriality of the dog tracking evidence, in light of the other evidence presented, it is hard to see any reason to disagree. Brown-Troop alleges no facts in his petition that would support a claim to federal relief on this basis.

Finally, the claim that the trial court erred in denying Brown-Troop's request for new counsel on the morning of trial was assessed by the court of appeals under an abuse of discretion standard. It found that the trial court had properly exercised its discretion in denying Brown-Troop's request. A claim that a trial court's ruling constitutes an abuse of discretion, by itself, is not enough to state a constitutional claim. *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001). The denial of such a request could amount to a Sixth Amendment violation if the attorney had a conflict of interest or was incapable of performing the role of counsel for some other reason. *United States v. Cronic*, 466 U.S. 648, 662 n. 31 (1984). Brown-Troop has alleged no such reason here. As to this claim, as well, the allegations of the petition are insufficient to state a claim for which federal relief is available.

In sum, I conclude from my review of the petition and the decision of the Wisconsin Court of Appeals affirming his conviction that Brown-Troop is not entitled to federal relief under § 2254. I therefore conclude that not only should his request for a stay be denied, but his petition should be dismissed. The dismissal at this point, however, is without prejudice. If Brown-Troop believes he can cure the defects in his petition set forth herein, he may file an amended petition on or before

November 22, 2019. If he fails to do so, a judgment will be entered dismissing the action at that time.

**SO ORDERED** at Green Bay, Wisconsin this   19th   day of October, 2019.

                                                     s/ William C. Griesbach
                                                     William C. Griesbach, Chief Judge
                                                     United States District Court